**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 26-1776
_____

LUIS FERNANDO LORA FONTALVO,
                                                    Appellant

v.

DIRECTOR FEDERAL BUREAU OF PRISONS; WARDEN LORETTO FCI

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:25-cv-00045)
District Judge: Honorable Nora B. Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2026
Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: July 28, 2026)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Luis Fernando Lora Fontalvo appeals the District Court's denial of his petition filed under 28 U.S.C. § 2241. We will affirm the District Court's judgment.

Fontalvo is a federal prisoner serving a sentence of 108 months' imprisonment, followed by three years of supervised release, for conspiracy to distribute a controlled substance knowing that it would be imported into the United States, in violation of 21 U.S.C. § 963. While Fontalvo was serving his sentence, an immigration officer in an expedited removal proceeding determined that Fontalvo was an immigrant without valid documentation and therefore inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). The immigration officer ordered his expedited removal pursuant to 8 U.S.C. § 1225(b)(1).

Fontalvo filed a § 2241 petition in the United States District Court for the Western District of Pennsylvania, arguing that the Federal Bureau of Prisons erred by refusing to apply earned time credits to his sentence. The District Court, adopting the Magistrate Judge's Report and Recommendation, sua sponte denied the petition, explaining that the First Step Act bars application of time credit for a prisoner, like Fontalvo, who is subject to a final order of removal. *See* 18 U.S.C. § 3632(d)(4)(E)(i). Fontalvo appealed.

Because Fontalvo is a federal prisoner appealing the denial of a § 2241 petition, he does not need a certificate of appealability to proceed. *See Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 (3d Cir. 2018). We have jurisdiction under 28 U.S.C. § 1291, and our review is plenary. *See Cordaro v. United States*, 933 F.3d 232, 241 (3d Cir. 2019).

A prisoner cannot apply earned time credit toward time in prelease custody or supervised release if he is "the subject of a final order of removal under any provision of

2

the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). "In the deportation context, a final 'order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" *Nasrallah v. Barr*, 590 U.S. 573, 581 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)). Here, Fontalvo was deemed inadmissible and ordered removed from the United States. Fontalvo does not contend that the immigration proceedings are ongoing; the order became final when the immigration officer's supervisor signed it. *See* 8 U.S.C. § 1225(b)(1)(C) (providing that expedited removal orders are generally not subject to administrative appeal); 8 C.F.R. § 235.3(b)(2)(ii) (same); *see also* 8 C.F.R. § 235.3(b)(7) (providing that an expedited removal order "must be reviewed and approved by the appropriate supervisor before the order is considered final").[1]

Fontalvo argues that the expedited removal order is not final because he did not appear before an Immigration Judge. But the statutory provision governing expedited removal proceedings expressly provides that an immigration officer, not an immigration judge, shall issue those orders of removal "without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109 (2020).[2]

---

[1] Fontalvo has not stated, either in the District Court or this Court, that he indicated "an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i); *see also Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 425–26 (3d Cir. 2016) (explaining the expedited removal procedures for when an immigrant "indicates to the immigration officer that she fears persecution or torture if returned to her country").

[2] If an immigrant indicates that she has a credible fear of persecution or torture, she has an opportunity to request an Immigration Judge's de novo review of the immigration officer's credible fear determination. *See Castro*, 835 F.3d at 426. But there is no suggestion in the record that Fontalvo sought a determination that he had a credible fear of persecution or torture upon return to his country.

Because Fontalvo was subject to a "final order of removal," he was ineligible to apply earned time credits to his sentence. 18 U.S.C. § 3632(d)(4)(E)(i).[3]

Even so, Fontalvo argues, the failure to apply his already-earned credits was in violation of due process. But Fontalvo had no constitutionally protected interest in the application of his good time credits. *See Cheng v. United States*, 132 F.4th 655, 659 (2d Cir. 2025) (per curiam); *White v. Warden of Fed. Corr. Inst.- Cumberland*, 164 F.4th 326, 334 (4th Cir. 2026).[4]

Accordingly, we will affirm the District Court's judgment.

---

[3] Fontalvo argues for the first time on appeal that no final order of removal exists because "[s]ervice never took place," and "instead a copy [of the immigration detainer notice] was sent through internal prison mail." Even assuming that this issue is subject to judicial review, *see Castro*, 835 F.3d at 431–32, we decline to consider this argument because Fontalvo failed to raise it in the District Court, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.12 (3d Cir. 2013), and he did not adequately explain on appeal why receipt of notice "through internal prison mail" was not proper service, *see Barna v. Bd. of Sch. Dirs.*, 877 F.3d 136, 145 (3d Cir. 2017).

[4] Fontalvo claims that the First Step Act established his protected entitlement to good time credits, "[b]ut the [First Step Act], taken as a whole, makes clear that noncitizens with final orders of removal are not eligible for time credits." *Cheng*, 132 F.4th at 659.

4